PER CURIAM
Petitioner's current application makes no showing of any significant change in circumstances since his prior applications were denied in 2007, 2008, and 2017. In the absence of any compelling new evidence or significant changed circumstances, this court will not reconsider a decision denying admission to the bar. See In re: Jordan , 00-3006 (La. 12/15/00), 775 So.2d 1065.
Accordingly, it is ordered that the application for admission be and hereby is denied. In accordance with Supreme Court Rule XVII, § 9(D)(13), petitioner may not re-apply for admission until he can demonstrate a significant change in circumstances, and in no event until at least two years have passed from the date of this judgment.
ADMISSION DENIED.
Clark, J., concurs and assigns reasons.
Hughes, J., would grant conditional admission.
Crichton, J., additionally concurs and assigns reasons.
CLARK, J., concurs and assigns reasons.
I agree with the denial of admission in this case, but would not allow petitioner to re-apply for admission until at least three years have passed from the date of this judgment.
Crichton, J., additionally concurs and assigns reasons.
I agree with the denial of admission in this case. I write separately to raise the question of whether the Court should continue to review petitions for admission from this petitioner after he has been denied admission in this-his fourth -application. See In re: Jordan , 12-0051 (La. 4/9/12), 85 So.3d 683 (prohibiting petitioner from reapplying after third application for admission).